IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AZ DNR, LLC, d/b/a ERC, LLC,         )
                                      )
                 Plaintiff,           )
                                      )
     v.                               )     Case No. 13-2599-JWL
                                      )
LUXURY TRAVEL BROKERS, INC.,          )
d/b/a FLYER MILES;                    )
LUXURY TRAVEL BROKERS, INC.,          )
d/b/a FLYER SMILES; and               )
TIMOTHY W. GIBSON,                    )
                                      )
                 Defendants.          )
                                      )
_____)

## **MEMORANDUM AND ORDER**

Without citation to a single case in their motion and supporting brief,[1] defendants move for dismissal of plaintiff's amended complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), or, alternatively, for a more definite statement pursuant to Fed. R. Civ. P. 12(e) (Doc. # 8). This motion is **denied**.

By its amended complaint, plaintiff alleges the following facts: Plaintiff buys and sells credit card points and frequent flyer miles, and it entered into transactions and a course of dealing by which defendants purchased such points and miles from it, by

---

[1] In fact, in four places defendants' supporting brief contains the word "CITE" as a placeholder after a purported statement of law, but the failure to supply the missing citations demonstrate the author's failure to re-read the brief before filing it (or to confirm that the correct document was submitted after the electronic filing). Defendants did not file a reply brief.

accessing the points and miles on a self-serve basis, for resale to others. Defendants failed to pay for certain points and miles and have admitted that they have an outstanding balance for points and miles purchased from plaintiff. Defendants also accessed particular points and miles of which plaintiff had not authorized the purchase, and they further accessed points and miles without notice to plaintiff as required by the parties' agreement. Plaintiff seeks damages and injunctive relief, pursuant to the following asserted claims: tortious interference with contractual and prospective relations; breach of contract; unjust enrichment; and a violation of the federal Computer Fraud and Abuse Act (CFAA), 18 U.S.C. § 1030.

In many of their arguments for dismissal for failure to state a plausible claim for relief, defendants assert what amount to factual defenses, which may not be considered at this stage. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (the court must accept the facts alleged in the complaint as true, even if doubtful in fact). For instance, defendants argue that the points and miles were not plaintiff's property, that the information allegedly accessed by defendants was not contained on plaintiff's computers, and that plaintiff did not have sufficiently definite prospective contractual relations with customers. Plaintiff has sufficiently alleged, however, that it purchased points and miles from others, that it had prospective contractual relationships, and that defendants accessed its computer system, and such allegations must be accepted as true at the pleading stage.

Defendants also appear to assert the legal defense that the CFAA does not

2

encompass the type of unauthorized access alleged here. Defendants have not bothered to analyze the statute, however, and have not cited any authority to support their position. Accordingly, the Court rejects that argument. *See, e.g.*, *US Bioservices Corp. v. Lugo*, 595 F. Supp. 2d 1189, 1195 (D. Kan. 2009) (Lungstrum, J.) (party may violate CFAA by exceeding initially-authorized access to a computer system).

The Court also rejects defendants' arguments that plaintiff's amended complaint lacks sufficient detail to state plausible claims. Plaintiff has not merely stated ultimate and conclusory facts, but has provided details and examples to support its claims. Accordingly, the Court concludes that, considering the relatively straightforward nature of the allegations, plaintiff's allegations are sufficient to state plausible claims. *See Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) ("[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests") (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (amount of detail required to give fair notice of the claim varies with the type of case).

Similarly, the Court concludes that plaintiff's allegations are not so vague or ambiguous that defendants cannot prepare a response, *see* Fed. R. Civ. P. 12(e), and the Court therefore denies defendants' alternative motion for a more definite statement.

IT IS THEREFORE ORDERED BY THE COURT THAT defendants' motion to dismiss or for a more definite statement (Doc. # 8) is **denied**.

IT IS SO ORDERED.

Dated this 19th day of February, 2014, in Kansas City, Kansas.

                                                              s/ John W. Lungstrum
                                                              John W. Lungstrum
                                                              United States District Judge