IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AZ DNR, LLC, d/b/a ERC, LLC,　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　　　　) 　Case No. 13-2599-JWL
　　　　　　　　　　　　　　　　　　　)
LUXURY TRAVEL BROKERS, INC.,　　　　)
d/b/a FLYER MILES;　　　　　　　　　　)
LUXURY TRAVEL BROKERS, INC.,　　　　)
d/b/a FLYER SMILES; and　　　　　　　 )
TIMOTHY W. GIBSON,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Defendants.　　　　　　)
　　　　　　　　　　　　　　　　　　　)
_____)

## **MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff's Request for Entry of Default (Doc. # 13) and defendants' Motion for Extension of Time to File Responsive Pleading (Doc. # 15). For the reasons set forth below, defendants' motion is **granted**, and plaintiff's request is **denied as moot**, on the condition that defendants pay attorney fees and costs incurred by plaintiff, as set forth herein.

Plaintiff filed this action in November 2013 and effected service upon defendants in January 2014. Defendants responded to the amended complaint by filing a motion to dismiss or for more definite statement pursuant to Fed. R. Civ. P. 12, and the Court denied that motion by Memorandum and Order of February 19, 2014. On March 10, 2014, plaintiff filed a request that the Clerk enter defendants' default in this case, on the

basis that defendants had failed to file a response to the amended complaint after the Court's order. The following day, defendants filed an opposing brief and a motion for an extension to March 18, 2014, of the time in which to file an answer. In the motion, defendants' explained their failure to file a timely answer as follows: "Weather, distance, and competing schedules of individual defendants, corporate counsel and trial counsel have conspired to delay the creation of an answer to the Amended Complaint." Plaintiff filed a brief in opposition to defendants' motion and a reply brief in support of its request for entry of default, but defendants did not file a reply brief in support of their motion for an extension. On March 18, 2014, defendants filed their answer to the amended complaint.

After the Court denied defendants' Rule 12 motion, defendants' responsive pleading was due on March 5, 2014. *See* Fed. R. Civ. P. 12(a)(4) (if the court denies a motion under Rule 12, the responsive pleading is due 14 days after notice of the denial). Rule 55(a) provides that when a defendant fails to plead, the Clerk is obligated to enter the party's default. *See* Fed. R. Civ. P. 55(a). Thus, plaintiff is entitled to entry of defendants' default in this case. Rule 55 further provides as follows: "The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." *See* Fed. R. Civ. P. 55(c). Thus, in determining whether defendants should be permitted to file their untimely answer and to proceed in the case, the Court must consider whether it would, for good cause, set aside the entry of default to which plaintiff is entitled. Because plaintiff has not requested a default judgment, *see* Fed. R.

2

Civ. P. 55(b) (in the event of a defendant's default, a plaintiff may request a default judgment from the clerk or the court), Rule 60(b)'s standards for setting aside a judgment do not apply here.

The "good cause" standard under Rule 55(c) is not particularly onerous. The Tenth Circuit has noted that "it is well established that the good cause required by Fed. R. Civ. P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)." *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997) (citations omitted).[1] In determining whether good cause exists under Rule 55(c), judges in this district (including the undersigned) have considered factors relating to the defendant's willfulness or degree of culpability, the prejudice to the plaintiff, and whether the defendant has a meritorious defense. *See, e.g.*, *Meissner v. BF Labs Inc.*, 2014 WL 590377, at *1 (D. Kan. Feb. 14, 2014) (Rogers, J.); *School-Link Technologies, Inc. v. Applied Resources, Inc.*, 471 F. Supp. 2d 1101, 1119 (D. Kan. 2007) (Lungstrum, J.). The Tenth Circuit has applied these same factors in unpublished cases, *see, e.g.*, *Hunt v. Ford Motor Co.*, 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995) (citing *Dierschke v. O'Cheskey*, 975 F.2d 181, 183 (5th Cir. 1992)), although it has also stated that these factors are not "talismanic",

---

[1] Plaintiff cites language from a Tenth Circuit case suggesting that a "good cause" standard is more stringent than an "excusable neglect" standard, but in that case, the Court did not consider those standards as used in Rules 55 and 60. *See Broitman v. Kirkland*, 86 F.3d 172 (10th Cir. 1996).

3

and that the court need not consider all of the factors and may consider other factors as well. *See id.* (citing *Dierschke*, 975 F.2d at 184). Setting aside an entry of default is addressed to the discretion of the district court, which has "a great deal of latitude" in exercising that discretion. *See Nikwei v. Ross School of Aviation, Inc.*, 822 F.2d 939, 941 (10th Cir. 1987).

In this case, the Court concludes that, if default were entered against defendants, good cause would exist to set aside that entry of default. "The preferred disposition of any case is upon its merits and not by default judgment." *See Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970); *see also Katzson Bros., Inc. v. EPA*, 839 F.2d 1396, 1399 (10th Cir. 1988) (default judgments are not favored by courts); *School-Link Tech.*, 471 F. Supp. 2d at 1119 ("the interests of justice favor resolution of disputes on their merits"). Most significantly, plaintiff has suffered little prejudice from the 13-day delay in receiving defendants' answer. *See* 10A Charles A. Wright, et al., *Federal Practice and Procedure* § 2699 (3d ed. 1998) (when no prejudice is apparent, courts are favorably inclined toward setting aside a default entry; fact that plaintiff must try the case on the merits, with recovery delayed, does not constitute prejudice under this rule). In this case, the delay occurred very early in the case, and there has been no suggestion that discovery or any other deadlines have been affected. The only prejudice identified by plaintiff in its briefs is the fact that plaintiff expended resources to seek the entry of default, and that prejudice will be cured by defendants' satisfaction of the condition imposed below. The Court agrees with plaintiff that defendants' reason for their failure to file a timely answer

4

is vague and is not especially compelling, but it does not appear that defendants acted willfully. *See School-Link Tech.*, 471 F. Supp. 2d at 1119 (entry of default was not the result of culpable conduct but appeared to have resulted solely from inadvertence). The Court can make no judgment concerning whether defendants have a meritorious defense, as defendants have failed to address that factor (except to call this case "vigorously-contested"). Nevertheless, the Court concludes in its discretion that, in light of the lack of prejudice to plaintiff, the early stage of the case, and the preference for deciding cases on their merits, good cause would exist here to justify setting aside any entry of default in the interests of justice. Accordingly, the Court grants defendants' motion for an extension, and it denies plaintiff's request for entry of default as moot.

The Court further concludes, however, that such rulings are most appropriately conditioned on defendants' payment of fees and costs incurred by plaintiff as a result of defendants' failure to file a timely answer. *See Dennis Garberg*, 115 F.3d at 775 n.6 (district court had discretion to impose conditions necessary to rectify prejudice to the plaintiff from the default; district court appropriately ordered the defendants to pay costs and attorney fees to compensate the plaintiff for the expense of making its default motion); 10A Charles A. Wright, et al., *Federal Practice and Procedure* § 2700 (3d ed. 1998) (a court's inherent power and use of discretion enables it to set aside default entries on various conditions). Requiring defendants to redress plaintiff's prejudice in incurring costs and fees is warranted in light of defendants' failures here. As noted above, defendants' stated reason for their delay was vague and was not supported by

5

affidavit. Defendants did not address the meritorious-defense factor usually applied in this district, and defendants did not see fit to file a reply brief in support of their motion to address these shortcomings, even after plaintiff raised the issues in its response. Defendants offered no explanation for their failure to seek an extension before their answer deadline expired.

The Court also notes that this behavior by defendants and their counsel appears to continue a pattern begun with their filing of the motion under Rule 12. As the Court noted in its previous order, defendants' Rule 12 motion was utterly without merit; defendants did not cite a single case in support of that motion, but instead filed a brief containing the word "CITE" as a placeholder in several places; and defendants did not bother to file a reply brief in support of the motion. Defendants and their counsel are admonished that such a lack of diligence in the future litigation of this case will likely be treated harshly by this Court.

Accordingly, plaintiff is awarded its costs and reasonable attorney fees incurred in seeking the entry of default. If defendants do not comply with that condition, the Court shall enter default in favor of plaintiff on its claims. The parties shall consult on the amount of such fees and expenses, and if they reach agreement on the amount, defendant shall pay such amount and shall file a notice of compliance with this Court on or before **April 14, 2014**. If they cannot agree on the amount, the parties shall file, by that same date, short briefs with the Court addressing the issue.

6

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's Request for Entry of Default (Doc. # 13) is **denied as moot**, and defendants' Motion for Extension of Time to File Responsive Pleading (Doc. # 15) is **granted**, on the condition that defendants pay attorney fees and costs incurred by plaintiff, as set forth herein.

IT IS SO ORDERED.

Dated this 7th day of April, 2014, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
