IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AZ DNR, LLC, d/b/a ERC, LLC,               )
                                           )
                  Plaintiff,      )
                                           )
      v.                                 )    Case No. 13-2599-JWL
                                           )
LUXURY TRAVEL BROKERS, INC.,               )
d/b/a FLYER MILES;                         )
LUXURY TRAVEL BROKERS, INC.,               )
d/b/a FLYER SMILES; and                    )
TIMOTHY W. GIBSON,                         )
                                           )
                  Defendants.     )
                                           )
_____   )

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff's motion in limine (Doc. # 108). For the reasons set forth below, the Court **denies** the motion.

### I. Background

By Memorandum and Order of October 24, 2014, following the recommendation of the Magistrate Judge, the Court ordered that plaintiff be awarded a default judgment on its claims as a sanction for defendants' failure to answer and its other conduct in this case. The Court noted in its order that plaintiff "did not challenge the Magistrate Judge's recommendation that further proceedings be held to determine the extent of any default judgment, in light of the fact that plaintiff's complaint includes claims for injunctive

relief and damages that are not liquidated in amount." Thus, the Court ordered further proceedings in anticipation of "a hearing before the Court to determine plaintiff's damages and other relief."

## II.     Claim for $465,000

By its amended complaint, plaintiff asserts claims against defendants for tortious interference (Counts I and II), violation of the federal Computer Fraud and Abuse Act (Count III), breach of contract (Count IV), unjust enrichment (Count V), and a permanent injunction (Count VI). In its motion, plaintiff states that only the last three counts relate to unpaid amounts for product (credit card points and frequent flyer miles) taken by defendants from plaintiff and to defendants' misuse of plaintiff's account information. Plaintiff further states that the present motion to limit evidence at the hearing implicates only the claims for breach of contract and for unjust enrichment.[1]

Plaintiff's motion in limine is based chiefly on the allegation in its complaint that after an accounting conducted by the parties on June 6, 2013, "it was confirmed and agreed by the parties" that defendants owed plaintiff $465,000. In its motion, plaintiff states that discovery has revealed that defendants intend to introduce evidence at the hearing that the June 2013 accounting "was somehow premised upon the satisfaction of other requirements or conditions that were not satisfied." At the conclusion of its

---

[1] Thus it is not clear whether plaintiff intends to seek damages on its other claims at the hearing.

motion, plaintiff seeks as relief (1) an order prohibiting defendants from introducing evidence concerning their liability or the merits of plaintiff's claims, including evidence of such unsatisfied conditions for the accounting; and (2) an order finding as a matter of law that defendants owed plaintiff $465,000 as of June 6, 2013, and that evidence at the hearing will be limited to product taken and payments made after that date. Although it does not mention this in its request for relief, plaintiff also appears to argue in its motion that defendants should also be held to their admission in a later e-mail (as alleged by plaintiff in its complaint) that defendants had purchased an additional $148,000 in product from plaintiff.

First, the Court agrees—as it noted in its prior order—that the default judgment precludes any challenge by defendants concerning the merits of their liability on plaintiff's claims. *See Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1125 & n.11 (10th Cir. 2003) (after entry of default, the defendant was not permitted to raise merits-based arguments, including regarding interpretation of the underlying contract, and the district court properly refused to consider such evidence). Thus, in this case, defendants will not be permitted to argue that a contract did not exist with plaintiff as alleged or that they do not owe money to plaintiffs in breach of that contract.

The specific evidence that plaintiff seeks to exclude, however—evidence concerning the $465,000 figure—relates not to liability but to the amount of plaintiff's damages, and as plaintiff concedes, "the court does not automatically accept as true allegations as to the amount and character of the plaintiff's damages." *See Jones v.*

3

*Courtney*, 2007 WL 2893587, at *5 (D. Kan. Sept. 28, 2007); *see also Jackson v. FIE Corp.*, 302 F.3d 515, 525 (5th Cir. 2002) (cited in *Olcott*) (noting that "after a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages") (quoting *United States v. Shipco General, Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987)); *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990) (quoted in *Olcott*) ("[A] default judgment generally precludes a trial of the facts except as to damages.") (quoting *Brown v. Kenron Aluminum and Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973)).  Thus, defendants are not precluded from challenging facts alleged by plaintiff relating to the amount of plaintiff's damages, including relating to the $465,000 claimed by plaintiff.

Plaintiff seeks to dispense with a hearing with respect to the amount due from defendants as of June 6, 2013, but as plaintiff acknowledges, "a court may not enter a default judgment without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation."  *See Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983), *quoted in Niemi v. Lasshoffer*, 770 F.3d 1331, 1352 (10th Cir. 2014).  As noted in this Court's prior order—and by the Magistrate Judge, without objection from plaintiff, in his recommendation—plaintiff's claims are not liquidated in amount.  This case does not involve a breach of a contractual requirement for payment of a sum certain by a particular date, for instance.  In its complaint, plaintiff alleges that defendants agreed that $465,000 was due at one point, but that defendants subsequently paid some portion of that amount to plaintiff (without alleging the amount of those payments).

4

Plaintiff further alleges that defendants acknowledges further purchases of $148,000 and made additional purchases after that. Significantly, however, plaintiff has not alleged a specific amount of damages for unpaid purchases in its complaint, and instead prays for damages for breach of contract in an "amount to be proven at trial." Nor has plaintiff alleged any facts relating to the method by which the parties set the price for defendants' purchase of points and miles, such that damages might be easily calculated. Indeed, plaintiff alleged that a reconciliation was required for the parties to determine the amount due at one point. Thus, the Court is not persuaded that the hearing that the Court previously ordered is unnecessary with respect to any issue of plaintiff's damages for unpaid purchases.

Plaintiff argues that it has at least established that $465,000 was due as of June 6, 2013, and it seeks an immediate order to that effect. First, plaintiff has alleged that defendants paid some portion of that amount, and thus by plaintiff's own admission, that amount does *not* represent the amount of damages suffered by plaintiff for any breach, and judgment for that amount would therefore not be appropriate. In light of that conclusion, the Court is not inclined to make any particular finding as a matter of law, prior to the hearing, concerning any aspect of the amount of plaintiff's damages.

The issue is really the effect of the allegation that defendants admitted that they owed $465,000 as of a certain date. The fact of that admission, by virtue of the default, is itself deemed admitted; thus, defendants will not be permitted to dispute that they made a statement to that effect. Plaintiff argues that defendants should not be permitted

to argue or present evidence that there were conditions to their agreement to that amount. Any such evidence, however, as noted above, pertains to the amount of damages suffered by plaintiff, which subject remains fair game for defendants at the hearing. Thus, defendants cannot deny the fact of the admission, but they may argue and present evidence that they actually owe plaintiff a different amount. The Court will weigh all of the evidence, including the fact that defendants did admit that a particular amount was owed as of a certain date, in determining the amount of plaintiff's damages for defendants' breach in failing to pay for product taken from plaintiff.

Accordingly, the Court denies plaintiff's request for an immediate order that defendants owed $465,000 as of a particular date. Because the Court cannot conclude at this juncture that any particular evidence should be excluded at the hearing, it denies plaintiff's motion in limine.

### III.   Injunctive Relief

Plaintiff also argues, without citation to authority (other than with respect to the elements of a permanent injunction), that it is entitled to the permanent injunction that it seeks in Count VI of its complaint, immediately, without a hearing. Defendants respond that a hearing is needed on plaintiff's entitlement to such equitable relief, particularly given the nature of the industry and the particular injunction sought by plaintiff. Plaintiff has not addressed in its reply brief this legal argument by defendants.

The Court agrees with defendants that a hearing is required to determine whether

it should grant the permanent injunction requested by plaintiff. As a preliminary matter, the Court notes that, in its motion by which plaintiff effectively sought a default judgment in this case, plaintiff did not request immediate entry of a permanent injunction. The Magistrate Judge recommended that a hearing be conducted to determine plaintiff's entitlement to injunctive relief, and plaintiff did not assert any objection to that recommendation, as this Court noted in its prior order. On that basis, the Court ordered a hearing on plaintiff's entitlement to relief, including injunctive relief.

Moreover, the Court concludes that while plaintiff's factual allegations may be deemed admitted by virtue of the default, plaintiff's entitlement to any particular relief has not been determined. A plaintiff seeking a permanent injunction must show the following: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). The Court concludes that it may not find these factors in plaintiff's favor solely by virtue of the default. The Court agrees with this reasoning by the Seventh Circuit:

> [A]lthough a default judgment establishes liability, it does not answer whether any particular remedy is appropriate. This principle applies with equal if not greater force in the context of equitable relief, for which the law imposes a requirement that the party seeking the injunction demonstrate the inadequacy of legal relief.

*See e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 604 (7th Cir. 2007) (citations

7

omitted).  As set forth above, Tenth Circuit law provides that a hearing concerning a plaintiff's relief after default may be avoided only if damages are liquidated or easily calculated.  Thus, the Court concludes that a hearing is required in this case to determine plaintiff's entitlement to other relief.  At that hearing, the Court may determine whether plaintiff's legal remedies are inadequate and consider the other requirements for a permanent injunction.

Accordingly, the Court denies plaintiff's request for entry of a permanent injunction at this time.  Plaintiff's entitlement to such relief may be determined at the previously-set hearing or at a separate hearing set by the Court.


IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's motion in limine (Doc. # 108) is hereby **denied**.

IT IS SO ORDERED.

Dated this 6th day of April, 2015, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge